CALVIN TANKESLY, JR.,     )
             )
    **Plaintiff,**    )  **No. 3:14-cv-00911**
             )  **Judge Trauger**
**v.**            )
             )
**CORRECTIONS CORPORATION** )
**OF AMERICA,** *et al.*,    )
             )
    **Defendants.**   )

## M E M O R A N D U M

On September 17, 2014, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 65) on the plaintiff's motions for a preliminary injunction and temporary restraining order (TRO) filed on May 28, 2014 (Docket No. 11) and on June 23, 2014 (Docket No. 18), as well as the plaintiff's motion for appointment of counsel (Docket No. 51), recommending that the motions be denied.

Pending before the court are Objections to the R&R timely filed by the plaintiff (Docket No. 72) and a response filed by the defendants (Docket No. 79). For the reasons discussed below, the court finds that the plaintiff's Objections lack merit and should be overruled.

## I. Introduction

Plaintiff, Calvin Tankesly, Jr., an inmate at the South Central Correctional Facility (SCCF) in Clifton, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12203(a)-(b), against Corrections Corporation of America (CCA), CCA Chief Executive Officer Damon Hiniger, CCA Director of health Services f/n/u Garriga, CCA Security Officer Lisa Crum, CCA Grievance Chair Jessica McElroy, Assistant

Warden Daniel Prichard, and Warden Avril Chapman, along with several doctors and nurses who the plaintiff alleges are involved with or have been involved with the plaintiff's medical care. (Docket No. 1). The plaintiff seeks compensatory and punitive damages, declaratory relief, and an injunction compelling the defendants to provide him with adequate medical treatment for stage 4-A tonsil cancer and ensuing pain. (*Id*.) The plaintiff also alleges that the defendants have retaliated against him for filing this lawsuit, and he demands that he be reinstated to his prison job and that he be paid his lost wages. (*Id*.)

The plaintiff filed a motion for a preliminary injunction and temporary restraining order on May 28, 2014 (Docket No. 11) and again on June 23, 2014 (Docket No. 18)(asking the court to enter an order "prohibiting the defendant [sic], their agents, employees, friends, and other persons acting in concert with them and that all Defendant's [sic] be prohibited from: Retaliatory Job Termination, Denial of Essential Chronic Medical After Care, Trust Fund Deduction for Chronic Care."). The plaintiff also seeks the appointment of counsel. (Docket No. 51).

## II.  Report and Recommendation

In the R&R (Docket No. 65), the Magistrate Judge first recommends that the plaintiff's motions for a preliminary injunction and temporary restraining order be denied because the plaintiff cannot make a prima facie showing of retaliation under the ADA; the plaintiff claims that the defendants' alleged retaliatory actions against the plaintiff were due to his having filed the instant lawsuit, not because of any disability he might have. (Docket No. 65 at pp. 2-3). Next, as to the plaintiff's First Amendment retaliation claim, the Magistrate Judge recommends that the plaintiff's motions be denied because the plaintiff cannot make a prima facie showing of retaliation because violating prison rules does not constitute protected conduct, nor does charging the plaintiff a $3.00

2

fee for health care services. (*Id*. at pp. 4, 6-7). Having determined that the plaintiff has failed to make a prima facie showing of retaliation under the ADA or the First Amendment, the Magistrate Judge finds that the plaintiff is unlikely to succeed on the merits of his claims and thus recommends that the plaintiff's motions for injunctive relief on these grounds be denied. (*Id*. at pp. 4-5, 6-7).

As to the plaintiff's denial of medical care claims, the Magistrate Judge concludes that the plaintiff provides no evidence whatsoever in support of his claim for relief and, therefore, the plaintiff's motion for injunctive relief on these grounds should be denied. (*Id*. at p. 6).

Finally, as to the plaintiff's request for the appointment of counsel, the Magistrate Judge recommends that the motion be denied because the plaintiff's circumstances are neither unique nor extraordinary, and the plaintiff is "quite capable of representing himself" as evidenced by the plaintiff's numerous filings to date and his appearance in court on his own behalf on August 25, 2014. (*Id*. at pp. 8-9).

## III.    Standard of Review

Here, the Magistrate Judge's R&R concerns a nondispositive pretrial matter. When a magistrate judge files an R&R regarding a nondispositive pretrial matter, the district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R .Civ. P. 72(a).

In deciding a motion for a preliminary injunction, the court considers: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *City of Pontiac Retired Employees Ass'n. v. Schimmel*, 751 F.3d 427, 430 (6th Cir.

2014)(internal citations and quotation marks omitted). The court considers the same four factors when deciding a motion for a TRO. *See Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014).

While none of the four factors enumerated above generally has controlling weight, injunctive relief may not issue where there is no likelihood of success on the merits. *See Farnsworth v. Nationstar Mortgage, LLC,* 569 Fed. Appx. 421, 426 (6th Cir. 2014)(citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)). The party seeking injunctive relief bears the burden of justifying such relief. *Mich. Catholic Conference & Catholic Family Services. v. Burwell*, 755 F.3d 372, 382 (6th Cir. 2014)(internal citations and quotation marks omitted). The proof required for injunctive relief is more stringent than the proof required to survive summary judgment. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)(internal citation and quotation marks omitted). Injunctive relief "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

## IV.    Plaintiff's Objections to the R&R

The plaintiff filed Objections to the Magistrate Judge's recommendation to deny the plaintiff's motions for preliminary injunctive relief and a TRO.  (Docket No. 72).

The plaintiff's first objection is that he "is still not receiving proper medical care or any diet that he can actually consume."  (Docket No. 72 at p. 1).  The plaintiff states that he is "spending 60% to 80% of his time . . . arranging a way of getting sustenance for survival." (*Id*.)  He further states that he is not on any diet referred to by Defendant Cobble. (*Id*. at pp. 2-3).  However, the plaintiff has not submitted any evidence in support of his claims.  As the Magistrate Judge noted,

the defendants have submitted the declaration of Dr. Robert Cobble, M.D., the physician at SCCF, in response to the plaintiff's claim that he is being denied medical care. (Docket No. 42). While there is some ambiguity as to the dates of the records provided by Dr. Cobble (*see* Docket No. 65 at p. 5), the plaintiff has offered nothing other than his own conclusory assertions to rebut Dr. Cobble's declaration in which he states that the plaintiff "now appears to be cancer free" and his weight has increased from 173 to 190 lbs. since being placed on a liquid diet of Ensure/Boost. (Docket No. 42 ¶¶ 6-11). Conclusory statements pertaining to the need for prospective injunctive relief are insufficient. *See Foster v. Michigan*, 573 Fed. Appx. 377, 392 (6th Cir. 2014)(citing *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

The plaintiff's second objection is that he should be allowed to produce witness testimony supporting his claims. (Docket No. 72 at p. 1). By order entered on August 27, 2014, the Magistrate Judge held that, "[t]o the extent the Plaintiff wishes to interview inmates, he should attempt to coordinate that through counsel for the Defendants to see if it can be arranged." (Docket No. 54 at p. 6). The Magistrate Judge also set forth other avenues by which the the plaintiff could attempt to discover information regarding his case. (*Id.*) Pursuant to the Magistrate Judge's order and in response to a letter from the plaintiff, defense counsel wrote the plaintiff and requested that he provide the names of the inmates he wished to interview and a brief description of the topics that he wishes to discuss with those inmates. (*See* Exhibit B to Docket No. 79). According to the defendant, to date the plaintiff has not responded to the letter; therefore, counsel for the defendants has been unable to coordinate or arrange anything. (Docket No. 79 at pp. 3-4). Having failed to respond to the defendant's letter or otherwise pursue any of avenues set forth by the Magistrate Judge, the plaintiff cannot now complain that he should be given additional time to produce witness

testimony supporting his claims for purposes of his motions for preliminary injunctive relief and a TRO.

The plaintiff's third objection is that he has been disadvantaged by his inability to obtain copies of essential legal material. (Docket No. 72 at p. 2). While it is true that the copier at SCCF was not working for a period of time, (*see* Exhibit A to Docket No. 79), on October 2, 2014, upon request by the plaintiff, the court directed the Clerk to provide the plaintiff <u>without charge</u> a copy of Exhibits 1 through 6 of Docket No. 64, as a "one time matter," due to the plaintiff's lack of access to a copier at SCCF (Docket No. 73). Thus, the plaintiff was provided with the materials he claimed he needed. The copier has now been fixed, so the plaintiff should be able to obtain any additional copies he desires. (Exhibit A to Docket No. 79).

The plaintiff's fourth objection is to the Magistrate Judge's finding that the plaintiff violated prison rules. (Docket No. 72 at p. 3). According to the plaintiff, he did not tamper with his cell door, and the plaintiff "is struggling just to acquire witness names, witness statements and copies of Original Records for his trial, due to the absolute control of the Defendants." (*Id*.) As noted above, the plaintiff cannot blame his inability to produce witness statements on the defendants because the plaintiff failed to respond to the defendants' offer to assist the plaintiff with witnesses. Furthermore, the plaintiff cannot complain that he lacks any records, as the court has provided the plaintiff, free of charge, with the records for which he asked in his letter to the court.

The plaintiff does not object to the Magistrate Judge's recommendation to deny the plaintiff's motion for appointment of counsel.


## V. <u>Conclusion</u>

After reviewing the pleadings and the record, and considering the plaintiff's specific Objections to the Magistrate Judge's Report and Recommendation entered on September 17, 2014, the court agrees with the Magistrate Judge's analysis and recommendation and finds that the plaintiff has not shown that he has a strong likelihood of success on the merits with regard to his retaliation claims under the ADA or the First Amendment, or with regard to his denial of medical care claims. Thus, he is not entitled to injunctive relief at this time. Therefore, the plaintiff's Objections will be overruled, and the R&R will be adopted and approved.

An appropriate order will follow.

Aleta A. Trauger
United States District Judge