# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CALVIN TANKESLY, JR. # 90944, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-00911 |
| ) | Judge Trauger/Brown |
| CORRECTIONS CORPORATION ) | |
| OF AMERICA, ET AL., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge **RECOMMENDS** that plaintiff's motion for relief from judgment under Rule 60(b)(1) & (6), Fed. R. Civ. P. (Doc. 174) be **DENIED**, and that all other pending motions be terminated as **MOOT**.

## I. BACKGROUND

The Magistrate Judge entered a Report and Recommendation on June 9, 2015 (the prior R&R) recommending that plaintiff's federal law claims be dismissed with prejudice as to all defendants, that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims, that the case be dismissed without prejudice as to plaintiff's state law claims, and that acceptance and adoption of the prior R&R constitute the final judgment in this case. (Doc. 145) The prior R&R provided that any party had 14 days from the date of service to file written objections, and that the opposing party had 14 days to respond to those objections.

After granting plaintiff three extensions of time to file objections to the prior R&R, the District Judge entered an order on September 10, 2015 accepting and adopting the prior R&R when plaintiff failed to comply with the "third **and final** extension" of time. (Doc. 152, 157, 163, 168) (bold in the original) Final Judgment entered that same day. (Doc. 169) Thirteen days later, on September 23, 2015, plaintiff filed a motion to stay proceedings and to compel (Doc. 172), a 150-

page objection to the prior R&R (Doc. 173), and a motion for relief from judgment under Rule 60(b)(1) & (6), Fed. R. Civ. P.[1] This matter was referred to the Magistrate Judge for a R&R (this R&R) to address plaintiff's objections.

## II. ANALYSIS

### A. Standard of Review

Because final judgment has entered in this case, the Magistrate Judge is required procedurally to first consider plaintiff's motion for relief under Fed. R. Civ. P. 60(b)(1) & (6). Rule 60(b) provides the following in relevant part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect . . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1) & (6)(bold in the original). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)(citations omitted). Whether to grant a motion under Rule 60(b) is a left to the sound discretion of the district court, *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014), the standard being whether the "court committed a clear error of judgment," *JPMorgan Chase Bank, N.A. v. First American Title Ins. Co.*, 750 F.3d 573, 584 (6th Cir. 2014).

In analyzing whether plaintiff is entitled to relief under Rule 60(b)(1), the court is required

---

[1] Under the mailbox rule, documents filed by prisoners are deemed filed when they are delivered to prison officials to mail to the court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)(citing *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002)). The filing dates referred to herein are to the stamp on the envelope indicating the date a filing was delivered to the Northwest Correctional Complex (NWCX) mail room, or the postmark if no mail room stamp is indicated on the envelope.

to consider three factors: 1) culpability, *i.e.*, whether the neglect was excusable; 2) any prejudice to the opposing party; and 3) whether the moving party holds a meritorious underlying claim or defense. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012)(citations omitted). A party seeking relief under Rule 60(b)(1) must first demonstrate a lack of culpability before the court addresses the other two factors. *Yeschick*, 675 F.3d at 628. Although plaintiff does not say so specifically, it is apparent from the motion that plaintiff's argument under Rule 60(b)(1) is that his failure to comply with the orders of the court to file objections to the prior R&R was due to excusable neglect, *i.e.*, to the extenuating circumstances that existed at NWCX at the time relevant to this inquiry.[2]

The Supreme Court has explained that "'excusable neglect' includes 'situations in which the failure to comply with a filing deadline[s]" is at issue. *Pioneer*, 507 U.S. at 394. The supreme court set forth five factors to determine whether neglect is excusable: "'the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Yeschick*, 675 F.3d at 629 (quoting *Pioneer*, 507 U.S. at 395). The factors in *Pioneer* "do not carry equal weight; the excuse given for the filing must have the greatest import. . . . [and] the reason-for-delay factor will always be critical to the inquiry." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)(citations omitted).

### a. Excusable Neglect

Plaintiff asserts the following in his motion for relief from judgment and supporting affidavit: 1) his objections to the prior R&R were timely prepared and ready to be mailed on September 3,

---

[2] Rule 60(b)(6) allows the Court to set aside a judgment to accomplish justice in "exceptional or extraordinary circumstances which are not addressed in the first five numbered sections of the other clauses of Rule 60(b)." *Truck Drivers Local No. 164 v. Allied Waste Systems, Inc.*, 512 F.3d 211, 221 (6th Cir. 2008)(citation omitted). Moreover, Rule 60(b)(1) and (6) are "mutually exclusive." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 393 (1993). Since, plaintiff's ground for relief clearly lies under Rule 60(b)(1), analysis under 60(b)(6) is not required.

3

2015 in time to meet the court's September 8, 2015 filing deadline; 2) a prison-wide lock down on July 24, 2015 prevented him from leaving his cell to mail the objections to the court; 3) he was unable to obtain assistance from the prison staff to file his objections. (Doc. 174, pp. 1, 3-4 of 8)[3]

The following time line of events during the relevant period has been derived from the record:

> June 9, 2015 – The Magistrate Judge enters the prior R&R. (Doc. 145)
> 
> June 12, 2015 – Plaintiff receives his copy of the prior R&R. (Doc. 150, p. 1 of 3)
> 
> June 23, 2015 – Plaintiff files a computer generated motion for an extension of time to file his objections. (Doc. 150) Plaintiff cites prison lock downs June 12-16, 2015, June 18-19, 2015, and an unscheduled future transfer to DeBerry Special Needs Facility for medical treatment as the reasons for his request.
> 
> June 26, 2015 – Latest date to file objections under the prior R&R.
> 
> July 21, 2015 – Plaintiff files a computer generated letter requesting a copy of the docket sheet in this case. (Doc. 155)
> 
> June 29, 2015 – The District Judge grants plaintiff a 30-day extension of time to file his objections. (Doc. 152)
> 
> July 25, 2015 – NWCX placed on prison-wide lock down. (Doc. 156, ¶ 7, p. 2 of 5)
> 
> July 29, 2015 – Latest date to file objections under the first extension of time.
> 
> July 29, 2015 – Plaintiff files a hand written motion requesting a second extension of time to file his objections. (Doc. 156) Plaintiff cites the following as the reasons for his request: 1) he is required to share the 2 available computers in the prison library with other inmates; 2) his access to the library computers is limited to 3 ½ hours per day; 3) his objections – 80% complete – are on the library computers; 4) he is unable to retrieve his objections from the library computer while on lock down.
> 
> August 4, 2015 – The District Judge grants plaintiff an extension of time until August 17, 2015 to file his objections. (Doc. 157)

---

[3] The page numbers used in discussing documents that plaintiff filed in the district court are those numbers created by the court's CM/ECF system.

August 9, 2015 – Plaintiff sends a computer generated letter to the Warden Parish at NWCX complaining that he is unable to retrieve his legal materials from the prison library due to the lock down. (Doc. 172-1, p. 2 of 14)

August 13, 2015 – Plaintiff files a hand written motion and affidavit for a third extension of time to file his objections. (Docs. 160-161) Plaintiff explains that he cannot access his legal materials in the library due to the lock down. Plaintiff asserts in the hand written certificate of mailing that he gave these documents to an unnamed corrections officer (C/O) on August 10, 2015 to mail. (Doc. 160, p. 2 of 4)

August 17, 2015 – Latest date to file objections under the second extension of time.

August 18, 2015 – Plaintiff sends a computer generated letter to Commissioner Schofield, Tennessee Department of Correction (TDOC) complaining about the lock down. (Doc. 172-1, pp. 3-4 of 14)

August 20, 2015 – The District Judge grants plaintiff "a third **and final** extension until September 8, 2015" to file his objections. (Doc. 163)(bold in the original)

August 21, 2015 – Plaintiff is escorted to the law library to retrieve his records, but not his objections on the library computer. (Doc. 166, p. 2 of 5)

August 24, 2015 – Plaintiff files a hand written clarification/declaration in response to defendants' earlier joint motion to stay and continue proceedings. (Doc. 166) Plaintiff asserts that his objections remain 80 percent complete and that, although he was escorted to the prison library to retrieve his medical records, he was not permitted to retrieve his objections from the computers. (Doc. 166, p. 2 of 5) Plaintiff asserts in the hand written certificate of mailing that he gave this document to an unnamed C/O on August 22, 2015 to mail. (Doc. 166, p. 3 of 5)

August 31, 2015 – Plaintiff sends a computer generated letter to Mr. Ronnie Lanier – identified as "Principle, NWCX Education/Library" – after their discussion earlier that same morning about "assisting inmates with their litigation needs." (Doc. 174, p. 7 of 8)

September 2, 2015 – Plaintiff files a hand written motion to show cause why the prison library remained closed to inmates. (Doc. 167) Plaintiff asserts in the hand written certificate of mailing that he gave this document to an unnamed C/O on September 1, 2015 to mail. (Doc. 167, p. 4 of 6)

September 3, 2015 – Plaintiff claims that his objections to the prior R&R were complete on this date, but that he remained locked down 23 hours per day, and no one on the prison staff would assist him in delivering his objections to the prison

mail room. (Doc. 174, ¶ (3), p. 3 of 8)

September 8, 2015 – Latest date to file objections under the "third **and final** extension."

September 9, 2015 – Plaintiff receives an unsigned note dated September 8, 2015 (Doc. 174, p. 5 of 8) that he attributes to CCO Hatchel. The note reads as follows:

> Here are a few information requests[.] If you need anything from the library/legal law library send an info request specifying exactly what you need and we will get them to you. If you need copies attach a signed withdrawal form along with materials to be copied. The first copy is free. Anything after that you will be charged. If you need anything off Westlaw be specific as to what you need and send a signed withdrawal form off Westlaw has to be paid for. You have access to library & legal library through information requests, you do not have to have physical access during a lock down. Instead of personal notes being given to the teachers and the wardens you are being supplied with information request forms so you can follow proper procedures.

September 16, 2015 – NWCX resumed normal operations, but still with no access to the prison library. (Doc. 174, ¶ (11), p. 4 of 8)

September 17, 2015 – Plaintiff permitted access to the prison mail room to weigh his legal work for mailing. (Doc. 174, ¶ (12), p. 4 of 8)

September 20, 2015 – The District Judge enters an order accepting and adopting the prior R&R. (Doc. 168)

September 20, 2015 – Final judgment enters. (Doc. 169)

September 23, 2015 – Plaintiff files a handwritten motion with attachments to stay proceedings and to compel. (Doc. 172) Plaintiff asserts in the hand written certificate of mailing that he gave this document to an unnamed C/O on September 8, 2015 to mail. (Doc. 172 p. 4 of 4)[4]

---

[4] The envelope associated with Doc. 172 is stamped as having been received in the NWCX mail room on September 10, 2015, and in the district court on September 28, 2015. Close examination reveals, however, that this envelope was forwarded to the district court by the Sixth Circuit Court of Appeals, and that it appears to pertain to a *habeas corpus* petitioner at NWCX, Julio Villasana, Case No. 3:13-00596 (M.D. Tenn., Sharp, C.J.). There is no explanation why this envelope was docketed in the instant case, nor is there a docket entry in Villasana's case that corresponds to the date the envelope was stamped as having been received in the district court. Documents 172, 173, and 174 were mailed together in an envelope stamped as having been received in the NWCX mail room on September

September 23, 2015 – Plaintiff files 39-page, mixed computer generated/hand written objection to the prior R&R, plus 111 pages of attachments.[5] (Doc. 173) Petitioner asserts in the computer generated certificate of mailing that he gave these document to an unnamed C/O on September 3, 2015 to mail, but they were not mailed until September 20, 2015. (Doc. 173, p. 39 of 39)

September 23, 2015 – Plaintiff files an 8-page computer generated motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. (Doc. 174) Plaintiff asserts that he placed the motion in the NWCX mail box on September 20, 2015. (Doc. 174, p. 4 of 8)

The following facts and conclusions are apparent from the time line above. First, plaintiff had 88 days – nearly 3 full months – to file objections from the date he first received his copy of the prior R&R on June 12th to September 8th, the not-later-than date in the "third **and final**" extension of time. Taking plaintiff's lock down dates as true (Doc. 173, pp. 14), NWCX was on lock down 46 days during the relevant period. That left 42 days during which plaintiff was not on lock down to file his objections and comply with the orders of the court. He did not.

Second, the record shows that plaintiff filed five separate times – 27 pages total – in the district court during the 46 days NWCX was on lock down (Docs. 156, 160-161, 166, 167), demonstrating that plaintiff had continued access to the district court during the period at issue, and that he could have filed hand written objections during this period had he chosen to. He chose not to. He pursued other matters instead, including writing *computer generated* letters to Commissioner Schofield, NWCX Warden Parish, and Mr. Lanier complaining about the lock down.

Third, the record shows that unnamed/unidentified C/Os took legal documents to be filed to the mail room for plaintiff on five separate occasions during the lock down, belying plaintiff's claim

---

23, 2015.

[5] The Magistrate Judge notes for the record that plaintiff did not comply with the 25-page limit under LR7.01(a), Local Rules of Court. Plaintiff's failure to comply with the Local Rules of Court further contributed to his failure to comply with the orders of the court.

7

that he was unable to file his objections because no one at NWCX would help him. Plaintiff does not allege that the C/Os would not have taken his objections to the mail room had he hand written them, nor is there anything in the record that would support such a conclusion. As noted above, plaintiff simply made no effort while on lock down to hand write/file his objections.

That support was available to plaintiff during the period of lock down also is illustrated by the September 8th note in which CCO Hatchel writes, in effect: follow the established procedures and you will receive assistance you need. Plaintiff admits tacitly in his affidavit in support of his Rule 60(b) motion that he followed procedures beginning August 25th (Doc. 174, Attach. Affidavit, ¶¶ (7)-(8), p. 3 of 8), the inference being that he did not follow procedures prior to that. Had plaintiff followed procedures earlier, he would have obtained assistance earlier.

Fourth, plaintiff's claim that he did not have access to a computer rings hollow. Assuming for the sake of argument that plaintiff did not have access to a computer as he claims, plaintiff could have hand written his objections during the 48 days he the prison was on lock down. As noted twice previously, he did not. Plaintiff chose instead to wait for access to the library computer to complete his objections despite the fact that the District Judge's "third **and final** extension" loomed large on the horizon. It is worth here that the District Judge's "third **and final**" extension of time was not conditioned upon plaintiff's ability to gain access to the library computer – the order was more of a "thou shalt" directive. A prudent party would not believe that he could respond to the District Judge's order on his own terms, and in his own time.

The record also raises questions regarding the veracity of plaintiff's claim that he did not have access to a computer during the lock down. The letters to Commissioner Schofield, Warden Parish, and Mr. Lanier – dated August 9th, 22nd, and 31st respectively – were computer generated, the

8

earliest date a full 30 days prior to the court ordered "third **and final**" filing deadline. The date in the certificate of mailing in the objections extends that date to September 3rd. (Doc. 173, p. 39 of 39) While these dates do not establish that plaintiff had access to a computer during the entire period of the lock down, they do support the conclusion that he had access to a computer at some time during the period August 9th through September 3rd, during which period he chose to write letters to TDOC and NWCX officials rather than completing his objections as ordered by the court. In short, the record supports the conclusion that the District Judge's order took back seat to plaintiff's desire to minimize his own effort to comply with the orders of the court.

Fifth, the September 3rd date in the certificate mailing noted above also raises questions of plaintiff's veracity in seeking relief from judgment. Plaintiff asserts in his motion for relief for judgment that his objections were ready to be mailed on September 3rd, but the NWCX staff would not "assist him in delivering to the mail room for 'timely filing.'" (Doc. 174, ¶ (4), p. 3 of 8) On the other hand, plaintiff states the following on the first page of 7-page hand written insert in his objections: "Plaintiff has been DENIED necessary access to the law library in multiple & extended prison lock downs . . . . To date Sept. 3rd . . . still on lock down . . . without access to the law library for necessary research." (Doc. 173, p. 14 of 39) Plaintiff's objections either were ready to file on September 3rd, or he had not completed his objections because he still was being denied access to the prison library. Both cannot be true.

Finally, plaintiff made no effort to obtain a further extension of time, either prior to or after the "third **and final**" filing deadline. Although, the "third **and final**" wording has an obvious ring of finality to it, plaintiff could have sought another extension of time. He chose not to. Plaintiff simply let the date pass without so much as a mention, apparently ignoring the deadline and hoping

9

for the best. In sum, plaintiff made no effort to preserve his legal rights.

As shown above, plaintiff had the time and means to file his objections during the period of time available to him, including the periods of lock down, and he was under the unambiguous order of the court to do so by a date certain. Plaintiff made a conscious decision not comply with the orders of the court, choosing instead to pursue other matters unrelated to his objections, and to use the lock down as an excuse for not obeying the orders of the court. Plaintiff's excuse is a sham, his failure to comply with the orders of the court unreasonable, and his actions in this matter not in good faith. In short, plaintiff's reasons for not timely filing his objections do not constitute excusable neglect. Consequently, his motion for relief under Rule 60(b)(1), Fed. R. Civ. P. should be denied.

### b. Meritoriousness of Plaintiff's Claims

As shown above, plaintiff's failure to comply with the orders of the court does not constitute excusable neglect and, as such, there is no need to consider the other factors under the three-part *Yeschick* analysis. However, in the event it were determined on subsequent review that plaintiff's failure to comply with the orders of the court did constitute excusable neglect, for reasons explained below, plaintiff still is not entitled to relief under Rule 60(b)(1).

The Magistrate Judge has reviewed plaintiff's 150-page objections to the prior R&R. To the extent that his objections comprise the same explanations, legal theories, and/or proof that were/was before the court at the time the prior R&R was entered, nothing in those objections changes the conclusions and recommendations in the prior R&R. To the extent that plaintiff's objections advance new explanations, legal theories, and/or proof, such new explanations, legal theories, and/or proof are/is not permissible under Rule 60(b)(1). *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)(citing *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). In either event, plaintiff's

Rule 60(b)(1) motion is subject to being denied for these reasons as well.

## III. CONCLUSIONS AND RECOMMENDATIONS

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that plaintiff's motion for relief from judgment under Rule 60(b)(1) & (6), Fed. R. Civ. P. (Doc. 174) be **DENIED**, and that all other pending motions in this action be terminated as **MOOT**.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 15th day of October, 2015.

          s/ Joe B. Brown
          Joe B. Brown
          United States Magistrate Judge