IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CALVIN O. TANKESLY, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-0911 |
| ) | |
| **CORRECTIONS CORPORATION OF AMERICA,** ) | Judge Trauger |
| **DAMON HINIGER, [F/N/U] GARRIGA,** ) | |
| **SUSAN MARTIN, KAREN ORTON,** ) | |
| **[F/N/U] COBLE, LISA CRUM, JESSICA** ) | |
| **McELROY, DANIEL PRITCHARD, AVRIL** ) | |
| **CHAPMAN, and BRANDI KEATON,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Before the court are the plaintiff's timely[1] objections (ECF No. 185) to the magistrate judge's October 15, 2015 Report and Recommendation ("October 15 R&R") (ECF No. 181), recommending that the plaintiff's "Motion for Relief from Judgment Pursuant to Rule 60(b)(1) & (b)(6) F.R.Civ.P. and Accept Plaintiff's delayed Objection [sic]" (ECF No. 174) be denied and that all other pending motions be terminated as moot.

For the reasons set forth herein, the court will reject the October 15 R&R (ECF No. 181) and grant the plaintiff's motion for relief from judgment (ECF No. 174). Consequently, the court will vacate its previous order (ECF No. 168) accepting the magistrate judge's June 9, 2015 Report and Recommendation (ECF No. 145) (the "June 9 R&R") and will vacate the judgment in favor of defendants (ECF No. 169). The court will enter a separate order considering *de novo* the plaintiff's late-filed objections (ECF No. 173) to the June 9 R&R.

**I. STANDARD OF REVIEW**

Any party may, within fourteen days after being served with a magistrate judge's recommended disposition, "serve and file specific written objections to the proposed findings and recommendations."

---

[1] The R&R was filed on October 15, 2015. Any objections were due to be filed within fourteen days of service thereof (ECF No. 181, at 11), making them due no later than Monday, November 2, 2015, taking into account Rules 6(a) and (d) of the Federal Rules of Civil Procedure. The prison stamp on the envelope bears the date November 2, 2015.

Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is properly made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## II. BACKGROUND

The plaintiff instituted this action by filing a verified complaint in April 2014, asserting claims against various prison officials under "42 U.S.C. §§ 12101–12213; U.S.C. § 1983 [sic]; Title VII of the Civil Rights Act of 1964; §§504 and 704(a) of the Rehabilitation Act of 1973, 42 U.S.C. § 2000e-3(a); 42 U.S.C. §§ 1981(a) & 1981 2(b)(3) [sic], and the Due Process Clause of the 14th Amendment." (Complaint, ECF No. 1, at 1.) The court conducted an initial review of the complaint and, construing it liberally, found that it stated colorable claims for relief under 42 U.S.C. § 1983 based on allegations that the defendants were deliberately indifferent to his serious medical needs and had purposefully deprived him of adequate food and nutrition. (ECF No. 5.) The court directed that the complaint be served on the defendants and that the matter be referred to the magistrate judge for case management and to dispose of or recommend disposition of any pretrial motions. The initial order specifically authorized the magistrate judge to "recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2)." (ECF No. 5, at 6.)

On February 9, 2015, defendants Damon Hininger and Dr. Jose Garriga (named in the complaint, respectively, as Damon Hiniger and Dr. Garriga), moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, arguing that (1) the claims against these two defendants were based on legal conclusions rather than concrete factual allegations and that legal conclusions are not entitled to a presumption of truth; and (2) the plaintiff failed to allege that defendants Hininger and Garriga were personally involved in the denial of medical care or food to the plaintiff. (Motion and Memorandum, ECF Nos. 106, 107.) After being granted an extension of the deadline for doing so, the plaintiff filed his response (ECF No. 135) in opposition to the motion.

The magistrate judge considered the motion for judgment on the pleadings in his June 9 R&R (ECF No. 145) and recommended that the court grant the motion and, further, that the court dismiss *sua sponte* all federal claims against all defendants with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), and decline to exercise supplemental jurisdiction over any remaining state-law claims. The June 9 R&R specifically notified the plaintiff that he had fourteen days from his receipt thereof to file objections to the R&R and that failure to file such objections within fourteen days could constitute a waiver of further appeal of the R&R. (ECF No. 145, at 25.)

On June 25, 2015, the plaintiff filed a timely motion for a thirty-day extension of the deadline for filing objections, explaining that the prison had been on lockdown for a substantial part of the time for responding. The court granted the motion by margin order. On July 26, 2015, the plaintiff filed a second motion for an extension of the deadline, this time by fourteen days. He explained that his objections were "80% complete" but that the draft objections as well as much of the plaintiff's medical record were on the prison's law library computer, to which he had no access as a result of a continued lockdown at the prison. He indicated that he could not get to his records or the draft objections on the computer until after the lockdown was lifted. The court granted the plaintiff until August 17, 2015, to file his objections.

Prior to the expiration of that deadline, the plaintiff again sought to extend it by an additional fourteen days. (ECF No. 160.) The motion was supported by his affidavit in which the plaintiff again averred that the prison had gone on lockdown status on July 24, 2015, preventing the plaintiff from accessing the objections he had already partially drafted on the law library's computer. As of the date of the plaintiff's motion (August 10, 2015), the prison remained on lockdown, and the plaintiff's requests to access his records and draft objections in the library, where the plaintiff was employed, had not been answered; it was still unclear when the lockdown would be lifted or when the plaintiff would be permitted to return to work. The court granted the motion, giving the plaintiff until September 8, 2015 to file his objections. This order, however, expressly notified the plaintiff that this was his "third **and final** extension" of the deadline. (ECF No. 163 (emphasis in original).)

The plaintiff filed a "declaration and clarification" dated August 22, 2015, stating that he had been escorted to the law library on August 21 to retrieve his records, but not his objections on the library

computer. (ECF No. 166, at 2.)[2]

The objections were not filed on September 8, despite the court's clear warning that the deadline would not be extended again. Accordingly, on September 10, 2015, the court entered an order accepting the June 9 R&R and dismissing the action in its entirety. (ECF No. 168.) The Clerk entered judgment in favor of the defendants. (ECF No. 169.)

On September 28, 2015, the court received the plaintiff's "Motion to Stay Proceedings for Cause and Motion to Compel." (ECF No. 172.) The motion is dated September 8, 2015[3] and is directed to this court, but it was apparently mailed to the Sixth Circuit, which received it on September 15, 2015 and forwarded it to this court. (*See* ECF No. 172, at 1 (date stamp by Deborah S. Hunt, Clerk).)[4] In this motion, the plaintiff sought an order compelling Warden Parris, Commissioner Schofield, and/or Law Library Supervisor Lonnie Lanier "to provide plaintiff copies and postal services to weigh his legal materials in order to attach postage, and forward to this court." (*Id.*) The plaintiff explained:

> Plaintiff and 127 other inmates in Unit 11, relies on the unit correctional officer to deliver our mail to the mailroom as their shifts end. On as many as 4 days out of a 7 days week, our outgoing mail remains in the unit "UNDELIVERED" for 2 or 3 days.[5]
>
> Grievances have been filed without a solution. Plaintiff has a 36 page objection, with 108 exhibits to the Magistrate Judge's R&R.
>
> Plaintiff does not have a copy of this packet (objection with exhibits) and this administration has refused to address Plaintiff's multiple requests for copies and postage weight.
>
> Without the respective court's intervention Plaintiff does NOT have ANY MEANS of forwarding his OVERDUE Reply & Objection to the Magistrate Judge's R&R.

---

[2] In the objections now before the court, the plaintiff states that he was permitted access to both his medical records and his "partial Objection" at that time. (ECF No. 185, at 3.)

[3] In the Certificate of Mailing attached to the motion, the plaintiff certifies that the document was "plac[ed] in the hands of Correctional Officers during facility lock down with sufficient First Class Postage prepaid on this the 8th day September 2015." (ECF No. 172, at 4.) However, a copy of an "Inmate Inquiry – Information Request" attached to the motion bears the plaintiff's statement that "No response" had been received to his September 7 request for assistance in copying and mailing a legal document as of September 9, 2015. (ECF No. 172-1, at 11.) The prison "received" stamp on the exterior of the envelope in which the document was submitted is dated September 10, 2015.

[4] As the magistrate judge noted, the envelope associated with the motion to stay appears to pertain to a habeas corpus petitioner at NWCX, Julio Villasana, Case No. 3:13-00596 (M.D. Tenn., Sharp, C.J.) (Sixth Circ. No. 15-5546). There is no explanation as to how or why the plaintiff's document was placed in that envelope, nor is there a docket entry in Villasana's case in the Sixth Circuit or this court around the same date.

[5] This delay may explain the discrepancy between the certificate of service date and the date on the "received" stamp identified in Note 3, *supra*.

(*Id.* at 2–3.) Attached to the motion are copies of letters and information requests reflecting the plaintiff's unsuccessful attempts to obtain assistance in copying and mailing his objections during the lockdown.

Also on September 28, 2015, the court received and docketed the plaintiff's "Objection to Magistrate Judge Joe Brown's Report and Recommendation and Motion for Review." (ECF No. 173.) The first thirteen pages of it are typed; most of the remaining pages are handwritten. The certificate of mailing indicates that the plaintiff intended to mail the document on September 3, 2015, but that it was not actually placed in the prison mail system until September 20, 2015. (ECF No. 173, at 39.)[6]

On the same date, the plaintiff submitted his motion for relief from judgment, requesting that the court accept his delayed objection. (ECF No. 174.) In this motion, the plaintiff further explained that his objection was ready for mailing on September 3, 2015 but that the plaintiff was not able to exit his cell because of the prison lockdown. He attempted without success to procure the assistance of library supervisors in "obtaining the weight of his legal mail, in order to affix sufficient postage" to mail his hefty objections with exhibits by the court-imposed deadline of September 8, 2015. In the affidavit attached to the motion, the plaintiff states that the prison remained on lockdown status, and he did not have access to the mailroom, until September 17, 2015. (ECF No. 174, at 4.)

On October 15, 2015, the magistrate judge filed his recommendation that the plaintiff's motion for relief from judgment be denied and that all other pending motions be terminated as moot. (ECF No. 181.) The plaintiff submitted timely objections to the October 15 R&R. (ECF No. 185.) The defendants have filed responses in opposition to the objections (ECF Nos. 186, 187), and the plaintiff has now filed a reply brief (ECF No. 190).

### III.  DISCUSSION

The plaintiff relies upon Rules 60(b)(1) and 60(b)(6) in support of his motion for relief from judgment. He requests that the court vacate the judgment and consider his objections to the magistrate judge's previous R&R (recommending dismissal of this action) *de novo*, on the merits.

Rules 60(b)(1) and 60(b)(6) authorize relief from judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." "[R]elief under Rule 60(b) is

---

[6] The prison's "received" stamp on the envelope is actually dated September 23, 2015. (ECF No. 173-3, at 18.)

circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited*, 487 F.3d 465, 468 (6th Cir. 2007) (citations and internal quotation marks omitted). Whether to grant a motion under Rule 60(b) is left to the sound discretion of the district court, *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014), the standard being whether the "court committed a clear error of judgment." *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584 (6th Cir. 2014).

The Sixth Circuit has stated that Rule 60(b)(1) is "intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted). Under Rule 60(b)(1), "a party must first demonstrate excusable neglect before other factors such as whether a defendant has a meritorious defense and prejudice to the plaintiff will be considered." *Reyes*, 307 F.3d at 456. On the other hand, Rule 60(b)(6) is intended to apply only when no other particular subsection of Rule 60(b) applies, and only under unusual and extreme circumstances. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (noting that, because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)[,] . . . courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief" (internal quotation marks and citations omitted)).

The plaintiff argues, essentially, that fairness and equity require consideration of his objections, in light of the fact that they were prepared and ready to be mailed on September 3, in time to be received by the court in advance of the September 8 deadline, but that the plaintiff, through no fault of his own, was unable to obtain assistance in weighing the package and affixing sufficient postage until after the deadline had passed. He specifically asserts that he alerted the warden, when the warden was in the housing unit, that he had a September 8 deadline and needed assistance in meeting it. He also claims that he informed his unit manager, Mr. Tarver, of the September 8 deadline and "his need for someone to deliver[] his objection to the mail room for a postage weight, to mail to the court. Mr. Tarver documented plaintiff's repeated request in his daily journal or 'notebook.'" (ECF No. 185, at 7.)

In their response in opposition to the motion for relief from judgment, the defendants argue that

the plaintiff is not entitled to relief under Rule 60(b); that he "acknowledge[s] that between June 18 and July 24, 2015, [the prison] was not on lock down, yet [the plaintiff] still failed to timely respond to the Magistrate Judge's Report and Recommendation"; that the plaintiff's excuses are a "sham" as demonstrated by the inconsistencies in his filings and between the plaintiff's certificates of mailing and the prison date-stamps; and that the plaintiff's underlying objections to the June 9 R&R are without merit. (ECF No. 186, at 2–3.) The defendants have also submitted the affidavit of Jeff Tarver, in which Tarver avers that he is the unit manager at the prison for the unit to which the plaintiff is assigned and that if the plaintiff had ever notified him that he had legal mail that needed to be mailed, Tarver "would have insured that the mail was taken to the mailroom to be weighed and mailed." (ECF No. 188-1, at ¶ 5.) Tarver also states that he never denied or ignored any requests by the plaintiff for assistance in mailing legal mail. (*Id.* ¶ 6.)

Despite some unexplained inconsistencies in the plaintiff's documentation of dates, the court finds that principles of equity and fairness require the overruling of the magistrate judge's R&R and the defendants' arguments in support of it. The plaintiff explains in his objections that the various letters to which the magistrate judge referred as clearly computer-generated, suggesting that the plaintiff is lying about his access to the law library (*see* ECF No. 181, at 7), were in fact typed on an old-fashioned word processor, not on the law library computer. (ECF No. 185. at 8.) In responding to the magistrate judge's observation that the plaintiff was able to place other items in the mail during lockdown, suggesting he should also have been able to mail his objections, the plaintiff explains that the items he was able to mail were typically letters or short motions, which required only a single stamp for mailing. They did not require the assistance of prison staff to weigh them to ascertain the appropriate postage. Moreover, many of his shorter motions were handwritten, and the plaintiff duplicated these by hand in order to maintain copies for his own records. (ECF No. 185, at 8.) The plaintiff was not able to duplicate by hand his lengthy objections and attached exhibits.

The magistrate judge found that the "plaintiff had 88 days – nearly 3 full months – to file objections from the date he first received his copy of the June 9 R&R on June 12th to September 8th . . . . Taking plaintiff's lock down dates as true (Doc. 173, pp. 14), [the prison] was on lock down 46 days during the relevant period. That left 42 days during which plaintiff was not on lock down to file his objections and

comply with the orders of the court. He did not." (ECF No. 181, at 7.) The plaintiff responds by pointing out that he worked diligently on his objections when he was able to and that the lockdown from July 24 through September 16 ultimately prevented his timely filing, through no fault of his own and despite diligent efforts on his part.

The plaintiff's current objections and the record reflect that the plaintiff did indeed face a substantial array of obstacles to submitting his objections to the June 9 R&R in a timely fashion and that he was diligent in attempting to meet his deadlines. Certainly there may have been something more the plaintiff could have done and perhaps he did not ask or trust the correct people to provide assistance. The plaintiff's unsworn statement that he requested assistance from Tarver is rebutted by Tarver's sworn statement to the contrary, but the plaintiff's documentation nonetheless reflects repeated if misdirected efforts to obtain assistance in copying and mailing his documents. The plaintiff's "neglect" in that regard is excusable under Rule 60(b)(1) under the specific circumstances presented here. There is no dispute that the prison remained on lockdown from July 24 through September 16; the plaintiff was not at fault for the lockdown, and he had very limited access to the prison law library and to the prison mail room during that time frame.

Without regard to the actual merits of the plaintiff's underlying objections to the June 9 R&R, the court finds that relief is warranted in this case under Rule 60(b)(1) or, alternatively, under Rule 60(b)(6). *Accord Munnerlyn v. United States*, No. 2:08-cv-229, 2009 U.S. Dist. LEXIS 40431, at *11 (S.D. Ohio May 13, 2009) (suggesting that a prisoner's allegations that he was "prevented from utilizing the mail during the lockdown period" might warrant equitable tolling of the AEDPA statute of limitations). The court will therefore reject the October 15 R&R, grant the motion for relief from judgment, and allow the delayed filing of the objections (ECF No. 173) to the magistrate judge's June 9 R&R (ECF No. 181). The court will consider separately the merits of the plaintiff's objections to the June 9 R&R.

An appropriate order is filed herewith.

                                             ALETA A. TRAUGER
                                             United States District Judge